### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** : | |
| : | |
| **v.** : | Case No. BAH-24-354 |
| : | |
| **BEAUTIFUL LIFE ALLAH** : | |

## CONSENT MOTION TO WITHDRAW GUILTY PLEA

Beautiful Life Allah, through undersigned counsel, moves to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). The Government consents to the relief requested in this motion.

## BACKGROUND

On December 5, 2024, Beautiful Life Allah was indicted by a Grand Jury on two counts of passport fraud in violation of 18 U.S.C. § 1542; one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); two counts of false statements in violation of 18 U.S.C. § 1001(a)(1)(2)(3); and one count of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). ECF No. 1.

On March 27, 2025, Mr. Allah appeared before Judge J. Mark Coulson for his initial appearance. ECF No. 11. Mr. Allah agreed to detention because he was serving a sentence in Baltimore County Circuit Court Case No. C-03-CR-24-002025. ECF No. 16. The Office of the Federal Public Defender entered appearances on behalf of Mr. Allah the next day. ECF Nos. 18 & 19.

Mr. Allah is currently serving a sentence in the above-captioned state case. According to the Maryland Department of Public Safety and Correctional Services, Mr. Allah's projected release date is January 14, 2030.

On October 7, 2025, Mr. Allah entered guilty pleas to Counts Two, Three, and Six of the Indictment (passport fraud, aggravated identity theft, and false representation of a social security number). ECF No. 38. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Allah and the Government agreed that a disposition of "36 months' imprisonment (12 months' imprisonment to be followed by 24 months' imprisonment, consecutive)" was appropriate under 18 U.S.C. § 3553(a). *Id.* Following a Federal Rule of Criminal Procedure 11(b) plea colloquy on October 7, Mr. Allah's guilty pleas were accepted by the Court as knowing and voluntary.

In preparing for sentencing, the Office of the Federal Public Defender became aware that we had misadvised Mr. Allah as to the consequences of his guilty plea. Specifically, the Office of the Federal Public Defender had, at all times, incorrectly represented to Mr. Allah that a sentence on the aggravated identity theft charge could be served concurrently with the state sentence he is currently serving, and accordingly, he was free to ask for the entire agreed-upon 36-month prison term to be served concurrently to his state sentence. In fact, however, aggravated identity theft must be served consecutively to any state or federal sentence. *See Gilbert v. United States*, 64 F.4th 763, 773-76 (6th Cir. 2023) (sentences imposed under the aggravated identity theft statute must run consecutive to all other sentences, including state sentences). In other words, Mr. Allah is not legally allowed to ask for the entire 36-month prison term to be run concurrent with his state sentence.

## **LEGAL STANDARD**

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a guilty plea after it is accepted by the court if "the defendant can show a fair and just reason for requesting the withdrawal." The defendant bears the burden of providing a "fair and just"

2

justification. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Courts consider the following factors in determining whether a defendant has met this burden: "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." *Id.*; *see also United States v. Smith*, 157 F.4th 366, 374-75 (4th Cir. 2025).

## **ARGUMENT**

Mr. Allah has a fair and just reason to withdraw his plea. Mr. Allah signed his plea agreement with the government and entered his guilty pleas based on wrong advice from the Office of the Federal Public Defender on an important, material issue. Mr. Allah was consistently and unequivocally advised by counsel that he would be able to request that any sentenced imposed by the Court run concurrently with the state sentence he is currently serving. At no time prior to the entry of the guilty plea was Mr. Allah advised by counsel that a conviction for aggravated identity theft in violation of 18 U.S.C. § 1028A was required by law to run consecutively to his existing state sentence.

Put simply, when Mr. Allah entered his guilty pleas, he believed, based on the advice of counsel, that he was entering into a plea that could be served entirely concurrent with his state sentence. In reality, the plea he entered required the sentence to be served consecutively to his state sentence. His plea was therefore not knowing nor voluntary. The Government consents to the relief requested in this motion.

**CONCLUSION**

For these reasons, the Court should grant Mr. Allah's motion and allow him to withdraw his guilty plea.

                          Respectfully submitted,

                          James Wyda
                          Federal Public Defender
                          for the District of Maryland

                            /s/
                          Jessica Sawadogo
                          Assistant Federal Public Defender
                          100 South Charles Street
                          Tower II, 9th Floor
                          Baltimore, Maryland 21201
                          Phone: (410) 962-3962
                          Fax: (410) 962-3976
                          Email: jessica_sawadogo@fd.org